UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONI T. STRICKFADEN,

    Plaintiff(s),

v.

PARK PLACE MORTGAGE CORP.;
MICHIGAN MORTGAGE GROUP, INC.;
FLAGSTAR BANK; FLAGSTAR
BANCORP, INC.; AMERICAN TITLE
COMPANY OF WASHTENAW; GREAT
WESTERN REALTY, INC.; APPRAISER
KEITH BRYAN; APPRAISER DEBORAH A.
PROKURAT; APPRAISER DENNIS J.
WIST; CLAUDIA ARTLEY ARMSTRONG;
NICOLE SAMMUT; JOHN DOE; and JANE
DOE,

    Defendant(s).
_____/

Case No. 07-15347

Honorable Nancy G. Edmunds

**ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART DEFENDANTS FLAGSTAR BANK, FSB AND FLAGSTAR BANCORP, INC.'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 AND 28 U.S.C. § 1927 AGAINST PLAINTIFF AND PLAINTIFF'S ATTORNEY [31]**

Plaintiff Joni T. Strickfaden filed this action against numerous defendants, including Defendants Flagstar Bank, FSB and Flagstar Bancorp, Inc.[1] Plaintiff asserted eleven causes of action against Defendants: violation of the Truth in Lending Act (Count I); violation of the Home Ownership and Equity Protection Act (Count II); violation of the Real Estate Settlement Procedures Act (Count III); violation of the Michigan Consumer Mortgage

---

[1]For purposes of this motion, "Defendants" refers only to Flagstar Bank, FSB and Flagstar Bancorp, Inc.

Protection Act (Count IV); Breach of Contract (Count V); Breach of Implied Warranty (Count VI); Misrepresentation (Count VII); Warranty for a Particular Purpose (Count VIII); Negligence (Count IX); violation of the Michigan Consumer Protection Act (Count X); and Contravention of Dower Rights (Count XII).

Defendants filed a motion for judgment on the pleadings and for summary judgment. (Docket Text # 7.) Plaintiff did not file a response, and the Court granted Defendants' motion on May 19, 2008. (Docket Text # 32.)

This matter now comes before the Court on Defendants' motion for sanctions pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 against Plaintiff and Plaintiff's attorney. For the reasons discussed below, the motion is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART.

**I. Facts**

Defendants underwrite and fund residential mortgage loans. (Defs.' Mot. at 1; Pl.'s Resp. at 1.) In 2005, Plaintiff and her estranged husband, John Schramm, obtained financing for a residence in Ann Arbor, Michigan. (*Id.*) The house was appraised at $1,000,000; Defendants relied on the appraisal and funded a $600,000 purchase money mortgage and a $200,000 home equity line of credit. (*Id.*) Plaintiff and Schramm both signed the mortgages; however, only Schramm signed the promissory notes. (*Id.*) As it turns out, the house was worth far less than $1,000,000. (*Id.*)

Schramm failed to make the mortgage payments, and the house was foreclosed on July 26, 2007. (Defs.' Mot. at 1; Ex. F.) The six month redemption period expired on January 26, 2008. *See* Mich. Comp. Laws § 600.3240(8). Neither Plaintiff nor Schramm exercised their right of redemption. (Defs.' Mot. at 1.)

Plaintiff filed this lawsuit in December 2007. In April 2008, she sought a temporary restraining order and/or preliminary injunction "preventing defendants Flagstar Bank, Flagstar Bancorp, Inc. or any other party from taking title to, selling, impairing or otherwise interfering with Plaintiffs [sic] possessory and ownership interest in the" house "and from proceeding with any eviction actions with respect to the subject property." (Docket Text # 8 at 1-2.) The Court denied the motion. (Docket Text # 28.)

On March 27, 2008, Defendants filed a motion for judgment on the pleadings and for summary judgment. Plaintiff did not file a responsive pleading. The Court contacted Plaintiff's counsel numerous times to request a response; these efforts were unavailing. Eventually, the Court ordered Plaintiff's counsel to file a response. (Docket Text # 30.) This, too, was unsuccessful. Thus, Defendants' motion remained unopposed. Because the arguments set forth in the motion were well-founded, the Court granted the motion. (Docket Text # 32.)

This matter is now before the Court on Defendants' motion for sanctions pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927.

**II.  Analysis**

Defendants seek sanctions under Rule 11 and pursuant to 28 U.S.C. § 1927. The Court will address Defendants' Rule 11 arguments first.

**A.  Rule 11**

Under Rule 11, when an attorney makes a representation to the Court, she:

> certifies that to the [her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

3

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b).

In this circuit, the test for Rule 11 sanctions is "whether the attorney's conduct was reasonable under the circumstances." *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997). If the Court determines that Rule 11 has been violated, it "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Before the Court addresses the substance of Defendants' motion, it will address Rule 11's procedural requirements. A party seeking Rule 11 sanctions must satisfy the procedural requirements of Rule 11(c)(2), commonly known as the "safe harbor" provision. This is an "absolute requirement." *Ridder v. City of Springfield*, 109 F.3d 288, 296 (6th Cir. 1997). The safe harbor provision sets out a two-step process: "first, serve the Rule 11 motion on the opposing party for a designated period (at least twenty-one days); and then file the motion with the court." *Id.* at 294. Defendants served their proposed motion for sanctions on Plaintiff's counsel on April 21, 2008 (Docket Text # 27), and they waited at least twenty-one days before they filed the motion with the Court (Docket Text # 31, filed on May 14, 2008). Defendants therefore satisfied Rule 11's procedural requirements, and the Court will address the substance of Defendants' motion.

4

Defendants argue that Plaintiff has violated subsections (1), (2), and (3) of Rule 11(b). Specifically, Defendants challenge the legal and factual basis for eight of the eleven claims made by Plaintiff in her complaint.[2] The court will address each contested claim in turn.

### 1. Plaintiff's Federal Claims

Defendants argue that each federal claims put forth by Plaintiff is barred by the applicable statute of limitations. In Count I, Plaintiff alleges a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* Any civil action under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Plaintiff argues that the limitations period in § 1640(e) does not apply to her TILA claim because it arises under § 1635, which contains a limitations period of three years. 15 U.S.C. § 1635(f). The time period in § 1635, however, applies only to an individual's exercise of her right of rescission. Here, Plaintiff is not attempting to rescind the credit transaction; accordingly, § 1635 does not apply. Instead, Plaintiff is seeking to impose civil liability, and the limitations period in § 1640 therefore does apply. Indeed, § 1640 specifically states that it applies to civil actions brought pursuant to § 1635. *See* 15 U.S.C. § 1640(a) ("any creditor who fails to comply with any requirement imposed under this part, *including any requirement under section 1635 of this title* . . . is liable to such person") (emphasis added). The alleged violation in Count I occurred on January 7, 2005. Plaintiff filed her complaint on December 14, 2007, more than one year later. Thus, Count I of Plaintiff's complaint is barred by the relevant statute of limitations.

---

[2]Defendants do not challenge Plaintiff's claims of misrepresentation (Count VII), negligence (Count IX), or contravention of dower rights (Count XII).

It is worth noting that Count I also suffers from another fatal flaw. This claim was premised upon the fact that, "[u]nder TILA, [Plaintiff] was required to be provided with disclosures that were never furnished." (Pl.'s Resp. at 5.) To support this position, Plaintiff has provided the Court with a copy of the disclosure document that was not signed by Plaintiff. (Pl.'s Resp., Ex. A.) Unfortunately for Plaintiff, Defendants have provided the Court with a copy of the disclosure document that was signed by Plaintiff. (Defs.' Reply, Ex. 2.) Thus, not only was Plaintiff's TILA claim time-barred, but there was no factual basis for the claim, either.

Plaintiff's Count II alleges a violation of the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639. This statute is part of TILA, and the limitations period of § 1640(e) therefore applies to this claim as well. Accordingly, Count II is time-barred.

Count III alleges that Defendants violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* RESPA only provides for a cause of action for violations of §§ 2605, 2507, and 2608. 12 U.S.C. § 2614. The limitations period is "3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation." *Id.* Plaintiff did not allege a violation of § 2605; indeed, she could not have made such an allegation, for that section requires certain disclosures to be made to "each person who applies for the loan." 12 U.S.C. § 2605(a). It is undisputed that the loans in this case were made only to John Schramm. Accordingly, the three year limitations period does not apply to Plaintiff's claim.

Plaintiff, did, however, allege that Defendants received illegal kickbacks, which would constitute a violation of § 2607. This claim, then, is governed by the one year limitations

6

period set forth in § 2614. Because Plaintiff's suit was filed more than one year after the occurrence of the alleged violation, it is time-barred.

### 2. Michigan Consumer Mortgage Protection Act

Count IV alleges that Defendants violated the Michigan Consumer Mortgage Protection Act, Mich. Comp. Laws § 445.1631 *et seq.* Plaintiff claims that Defendants violated this Act because they did not provide Plaintiff a "Borrower Bill of Rights" or a "Consumer Caution and Home Ownership Counseling Notice" together with a list of HUD-approved home ownership counselors in the area. These provisions, however, require disclosures only to a loan applicant. Mich. Comp. Laws §§ 445.1636, 1637. Again, the loans in this case were made only to John Schramm and not to Plaintiff.

Further, the Act provides for an enforcement action by the commissioner, § 445.1639, or by the attorney general or county prosecuting attorney, § 445.1640. The Act does not provide for a private cause of action. Accordingly, there is no legal basis to support Count IV.

### 3. Breach of Contract

Count V alleges a breach of contract. The basis of this claim is Defendants' alleged failure to "perform service work promptly, legally, and in a professional manner." The only contracts between Plaintiff and Defendants were the mortgages, under which Plaintiff pledged her interest in the house as security for the loans made to Schramm. Plaintiff has failed to identify any obligations imposed under these contracts that Defendants failed to perform. Indeed, Plaintiff's lawsuit arises primarily from the fact that Defendants chose to exercise their right, as set forth in the contracts, to "foreclose and sell the Property." (Defs.'

7

Mot., Ex. A at 2.) Plaintiff's breach of contract claim against Defendants is therefore meritless.

Plaintiff tries to skirt this fact by arguing that she is a third-party beneficiary of Schramm's loan contracts. (Pl.'s Resp. at 7.) Ironically, Plaintiff's argument is undercut by the very authority to which she cites. Plaintiff states that in *Alden State Bank v. Borton*, No. 262160, 2005 WL 3078213, * 2 (Mich. Ct. App. Nov. 17, 2005), "the court found that the plaintiffs [sic] claim for third party beneficiary rights was unenforceable because: 'The [plaintiffs] are not a party to this Agreement, *nor are they mentioned in the agreement.*'" (Pl.'s Resp. at 7.) Plaintiff then states, "This is not the case with Strickfaden." (*Id.*) To the contrary, it is undisputed that Plaintiff was not a party to the loan agreements, nor is she mentioned in either loan document. (*See* Defs.' Mot., Exs. B, D.) Accordingly, per Plaintiff's proffered authority, her claim as a third-party beneficiary must fail.

Plaintiff also cites to Mich. Comp. Laws § 600.1405, which states that "[a]ny person for whose benefit a promise is made by way of contract, as hereinafter defined, has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee." The statute continues, "[a] promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise had undertaken to give or to do or refrain from doing something directly to or for said person." *Id.* at (1). Here, there is no evidence that when Schramm entered into the loan agreements, he undertook "to give or to do or refrain from doing something directly to or for" Plaintiff. Indeed, as mentioned above, Plaintiff is not even mentioned in the loan documents. This argument therefore fails as well.

### 4. Breach of Implied Warranty and Warranty for a Particular Purpose

Count VI alleges breach of implied warranty, and Count VIII alleges breach of warranty for a particular purpose. This language applies to the sale of goods under the Uniform Commercial Code. *See* Mich. Comp. Laws § 440.2314 ("a warranty that the goods shall be merchantable is implied in a contract for their sale"); § 440.2315 ("Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required . . . there is . . . an implied warranty that the goods shall be fit for such purpose."). Defendants in this case were providing services, not goods. The UCC therefore does not apply. *See* Mich. Comp. Laws § 440.2102 ("this article applies to transactions in goods").

### 5. Michigan Consumer Protection Act

Count X alleges that Defendants violated the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903. The Act does not apply where "the general transaction is specifically authorized by law, regardless of whether the specific misconduct alleged is prohibited." *Smith v. Globe Life Ins. Co.*, 597 N.W.2d 28, 38 (Mich. 1999). Because the transactions at issue in this case are authorized by law, the Michigan Consumer Protection Act does not apply. *See Mills v. Equicredit Corp.,* 294 F. Supp. 2d 903, 910 (E.D. Mich. 2003) (holding that mortgage loan transactions are generally authorized under the law and are therefore exempt from the Michigan Consumer Protection Act).

### 6. Contravention of Dower Rights

In this motion, Defendants do not challenge Count XII, titled Contravention of Dower Rights; nonetheless, given the Count's patent misrepresentation, the Court will address this claim. In Count XII, Plaintiff asserts that she "was not a party to the mortgage." This is demonstrably false, as Plaintiff signed both the purchase money mortgage and the

9

mortgage for the home equity loan. (Defs.' Mot., Exs. A, C.)  Under Michigan law, when a wife executes a mortgage, she "gives a lien on her contingent estate of dower and is a mortgagor."  *Oades v. Standard Sav. & Loan Ass'n*, 241 N.W. 262, 264 (Mich. 1932).  Count XII therefore fails as a matter of law.

### 7. Plaintiff's Counsel Violated Rule 11

The preceding discussion illustrates that the bulk of Plaintiff's claims are either time-barred or have no factual or legal basis.  Thus, when Plaintiff's counsel filed these claims, she violated various provisions of Rule 11(b).  She failed to make "an inquiry reasonable under the circumstances" to verify that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," as required by subsection (2).  She also violated subsection (3), which mandates that "factual contentions have evidentiary support."

Further, Plaintiff's counsel violated subsection (1), which prohibits claims from "being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  *Id.* at (b)(1).  Plaintiff asserted eleven claims against Defendants in this case and sought more than $200,000 in compensatory damages. (Compl. at 11.)  Yet when Defendants filed a motion for summary judgment, Plaintiff failed to respond.  Not only did Plaintiff's counsel ignore repeated calls from the Court requesting a response, she also ignored the Court's order requiring a response.  Similarly, Plaintiff did not respond to Defendants' motion for sanctions until ordered to do so by the Court.

This behavior was not limited to Plaintiff's claims against the Flagstar Defendants. When Defendant American Title Company of Washtenaw ("American") filed a motion for summary judgment (Docket Text # 39), Plaintiff stipulated to dismiss the claims against American (Docket Text # 45). Likewise, Defendants Bryan, Prokurat, Wist, and Great Western Realty filed a motion for summary judgment (Docket Text # 46), and Plaintiff responded by stipulating to dismiss the claims against those Defendants (Docket Text # 48).

Thus, any time a Defendant in this case has contested Plaintiff's claims, Plaintiff either has not responded or has agreed to dismiss the claims. It thus appears to the Court that Plaintiff never fully intended to pursue her numerous claims against the various Defendants. The Court is therefore compelled to conclude that Plaintiff's claims were asserted to "harass, cause unnecessary delay, or needlessly increase the cost of litigation" in violation of Rule 11(b)(1).

Plaintiff's counsel violated various provisions of Rule 11. The Court will GRANT Defendants' motion on this basis, and it is thus unnecessary for the Court to consider Defendants' arguments made pursuant to 28 U.S.C. § 1927.

### B. Sanctions Amount

Defendants seek attorney fees in the amount of $12,971.25 and costs in the amount of $102.10, for a total of $13,073.35. (Defs.' Reply, Ex. 3.) Defense counsel has attested to these amounts in an affidavit. (*Id.*)

With respect to costs, Defendants' motion is DENIED WITHOUT PREJUDICE. Local Rule 54.1 states, "The *clerk* will tax costs under Fed. R. Civ. P. 54(d)(1) as provided in the Bill of Costs Handbook available from the clerk's office and the court's web site." (E.D.

Mich. L.R. 54.1) (emphasis added). The Bill of Costs Handbook establishes that "it will be the duty of the Clerk, or the Clerk's designee, to tax all allowable costs to be included in the judgment upon the filing of a proper request for taxation of costs." (*Id.* at 1.) The Handbook also states that "the bill of costs should be filed in the clerk's office, in the appropriate place of holding court." (*Id.*)

Because Defendants have not submitted a bill of costs to the Clerk of the Court, their motion for costs is DENIED WITHOUT PREJUDICE. Counsel is advised that a bill of costs must be filed with the Clerk "no later than 28 days after the entry of judgment." (E.D. Mich. L.R. 54.1.)

With respect to attorney fees, "the primary concern is that the fee awarded be 'reasonable.' . . . The starting point for determining a reasonable fee is the lodestar, which is the product of the number of hours billed and a reasonable hourly rate." *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 616 (6th Cir. 2007). Defendants' attorney fees of $12,971.25 are based on a rate of $225 per hour for 57.65 hours of work. As discussed above, Plaintiff asserted eleven separate claims against Defendants. She filed a motion for a temporary restraining order; Defendants responded to this motion and appeared at oral argument. (Docket Text # 25.) Additionally, Defendants filed a motion for summary judgment as well as the instant motion for sanctions. Accordingly, the Court concludes that 57.65 hours of work in this matter is reasonable. The hourly rate of $225 for an attorney of Mr. Segal's experience is also reasonable.

Despite these conclusions, the Court will not award the full amount of attorney fees sought by Defendants. Three of Plaintiff's claims were not contested by Defendants in this motion, and two of those claims (misrepresentation and negligence) had a sufficient legal

12

basis so as not to be sanctionable. The Court therefore awards attorney fees to Defendants in the amount of $7500.00.

Defendants ask the Court to impose sanctions against both Plaintiff and Plaintiff's counsel. "[M]onetary sanctions may not be imposed on represented parties for the violation of subsection (b)(2) involving unwarranted legal contentions." *Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 939 (6th Cir. 2002). But when "factual allegations [are presented] to the district court that patently lacked evidentiary support," the Court may also impose sanctions on a represented party. *Id.* The majority of sanctionable conduct in this case consisted of unwarranted legal contentions. Additionally, however, some of Plaintiff's factual allegations "patently lacked evidentiary support" -- primarily her contentions that she was never presented with TILA disclosures and that she "was not a party to the mortgage." The Court therefore holds that Plaintiff's counsel is liable for the entire amount of $7500.00, and Plaintiff is jointly and severally liable for $500.00 of that amount.

## III. Conclusion

For the above-stated reasons, Defendants' motion for sanctions is GRANTED with respect to attorney fees in the amount of $7500.00, of which Plaintiff is jointly and severally liable in the amount of $500.00. The motion is DENIED WITHOUT PREJUDICE with respect to costs.

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated: August 12, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 12, 2008, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer
       Case Manager